UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BANCO DEL ATLANTICO, S.A., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 1:03-cv-1342-LJM/VSS |
| ) | |
| ALFRED MAX STAUDER, et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY REGARDING MOTION TO COMPEL

This cause is before the magistrate judge on the motion of defendants Alfred Max Stauder, Deanna Stauder, David Felts, Anonymous II, Inc., Longwood Industries, Inc., Pacintrex U.S.A., Inc., International Trade Specialists, Inc., Woods Industries, Inc., Pentland Group plc (n/k/a Pentland Brands plc), Pentland USA, Inc., Finchside International, Ltd., Nahum G. Shar, David Alan Bernstein, and Willow Properties LLC (collectively referred to herein as "defendants") entitled Motion to Compel Plaintiffs' Lending Policies and Procedures. The motion is fully briefed, and the magistrate judge, being duly advised, **DENIES** the motion for the reason and to the extent set forth below.

This case arises out of a series of loans made by plaintiff Banco del Atlantico, S.A. ("Atlantico"), a Mexican bank that now is in liquidation, to a now bankrupt Mexican corporation, Corelmex, and guarantees of some of those loans allegedly made by defendant Woods Wire I, Inc., (n/k/a Anonymous II, Inc.) in 1988 and 1989. Plaintiff HSBC Mexico, S.A. ("HSBC") is a Mexican bank that purchased some of Atlantico's assets, including the claims asserted in this lawsuit. The plaintiffs assert that Atlantico was defrauded into making the loans and the defendants fraudulently transferred assets that should have been used to make good on

the loans and guarantees.

At issue in the instant motion is the defendants' attempt to obtain discovery relating to "[a]ll lending policies and procedures generated or utilized by Atlantico for the time period commencing with the start of its relationship with Corelmex" until the date Atlantico stopped extending credit to Corelmex.[1]  The defendants explain the relevance of this information to the claims and defenses in this case as follows:

> Atlantico's lending policies and procedures are clearly relevant to the claims it asserts in this case, as those claims arise out of loans Atlantico allegedly made to a non-party to this suit.  In addition, Defendants have good reason to believe there was mismanagement by Atlantico with regard to the alleged Corelmex loans and debt, and possibly malfeasance.  Documents produced by Atlantico indicate that it made loans in excess of approved amounts and engaged in other significant deviations from what one would expect to be prudent bank lending procedure. Moreover, the documents produced by Atlantico thus far are so jumbled and confused that it is difficult for Defendants to determine exactly what loans were made to Corelmex, what form they took, and to what extent they were repaid.  Indeed, because Plaintiffs refuse to produce the relevant documents, Defendants are unable to determine the extent to which Atlantico deviated from its standard lending policies in extending (purported) loans to Corelmex.  Nor can Defendants ascertain whether individuals at Atlantico self-dealt or otherwise committed malfeasance in loaning particular sums to Corelmex or Corelmex-associated entities . . . .

Defendants' Motion at 6-7.  While the defendants assert that the lending policies and procedures it seeks are "clearly relevant," it is not clear to the magistrate judge that a showing that some or all of the loans to Corelmex were extended in violation of Atlantico's internal policies is of any use to the defendants given the claims in this case.  In their reply, the defendants argue that "[i]n making loans contrary to its policies and procedures, Atlantico may have impaired the collateral, put the alleged 'guarantees' at greater risk and possibly nullified the effectiveness, if any, of

---

[1] The defendants originally sought information extending to the present, but have since narrowed the time frame.  The defendants have sought the information (or an affirmation that it does not exist) via a document request and requests for admission.

those 'guarantees.'"   Reply at 6.  But the defendants cite no authority for the proposition that the enforceability of a loan guarantee is affected by the lender's failure to follow its own internal lending policies in making the loan.  The defendants further argue that

> although the last "guarantee" was allegedly signed in November of 1989, documents produced by Plaintiffs suggest that new loans were made subsequent to that date, with no apparent renewal of the "guarantees." If Atlantico's policies and procedures required a renewal of the guarantees and that renewal is lacking, such information would be relevant, inter alia, to whether or not Atlantico could (and actually did) rely on the effectiveness of the "guarantees" in continuing to loan money to Corelmex over the next three-and-a-half years.

Reply at 6.  Again, however, the defendants cite no support for the proposition that the enforceability of a guarantee is governed by the lender's internal policies, rather than the terms of the guarantee itself, so it is unclear to magistrate judge why Atlantico's policies with regard to the renewal of guarantees are relevant.

Because the magistrate judge is unconvinced of the relevance of the documents sought by the defendants, the motion to compel is **DENIED**.  If the defendants are able to find authority for their argument that the information is relevant to the claims or defenses in this case, they are free to file a motion to reconsider this ruling and provide that authority, along with a clear articulation of how the information they seek might lead to admissible evidence that can be used in this litigation.

SO ORDERED:   11/23/2005

_____
V. Sue Shields, Magistrate Judge

Copies to:

Barry S. Alberts
SCHIFF HARDIN LLP
balberts@schiffhardin.com

Michael J. Andreoli
DONALDSON ANDREOLI & TRUITT
mandreoli@datlaw.com

Jeff M. Barron
BARNES & THORNBURG
jeff.barron@btlaw.com

Cory Stephen Brundage
cb@brundagelaw.com

Amy Marlyse Burgert
MAYER BROWN ROWE & MAW LLP
aburgert@mayerbrownrowe.com

James Braden Chapman
DANN PECAR NEWMAN & KLEIMAN
jchapman@dannpecar.com

Jeffrey Michael Cromer
DANN PECAR NEWMAN & KLEIMAN
jcromer@dannpecar.com

Paul F. Doyle
KELLY DRYE & WARREN
pdoyle@kelleydrye.com

Robert Ehrenbard
KELLEY DRYE & WARREN
rehrenbard@kelleydrye.com

Daniel C. Emerson
BOSE MCKINNEY & EVANS, LLP
demerson@boselaw.com

Donald E. Knebel
BARNES & THORNBURG
donald.knebel@btlaw.com

Mark E. McGrath
KELLEY DRYE & WARREN LLP
mmcgrath@kelleydrye.com

Jonathan G. Polak
DANN PECAR NEWMAN & KLEIMAN
jpolak@dannpecar.com

C. Joseph Russell
BOSE MCKINNEY & EVANS, LLP
crussell@boselaw.com

James Emmett Tancula
MAYER BROWN ROWE & MAW
jtancula@mayerbrownrowe.com

Philip A. Whistler
ICE MILLER
philip.whistler@icemiller.com

Bradley L. Williams
ICE MILLER
williamb@icemiller.com

Judy L. Woods
BOSE MCKINNEY & EVANS, LLP
jwoods@boselaw.com